CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN -9 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY WALLACE, ) | Civil Action No. 7:14-cv-00632 | |
| Petitioner, ) | | |
| ) | | |
| v. ) | MEMORANDUM OPINION | |
| ) | | |
| FEDERAL BUREAU OF ) | | |
| PRISONS, et al., ) | By: | Hon. Jackson L. Kiser |
| Respondents. ) | | Senior United States District Judge |

Timothy Wallace, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner argues that he is being denied parole in violation of his civil rights. Petitioner commenced a prior action, Wallace v. Federal Bureau of Prisons, et al., No. 7:12-cv-258, in this court in 2012 with the same petition. In that earlier case, I granted the respondent Warden's motion for summary judgment because Petitioner had failed to exhaust available administrative remedies about his parole review.

Federal courts must "focus[] on the need to ensure that . . . prisoners use only habeas corpus . . . remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the . . . custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Petitioner's claims, even if successful, would not "necessarily spell speedier release" from custody because I do not have jurisdiction to order Petitioner's parole and Petitioner would be entitled to, at most, reconsideration of parole release at a new parole hearing. Id. at 82. Thus, Petitioner's claims do not lie within "the core of habeas corpus" and may be brought, if at all, under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Id.

Nonetheless, res judicata bars consideration of the claim under Bivens. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). For res judicata to apply, there must be a final judgment on the merits in a prior suit, an identity of the cause of action in both the earlier and the later suit, and an identity of parties or their privies in the two suits. Nash Cnty. Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir. 1981)). All three elements are met in this case. The respondents and their privities in this action are the same as in the prior action, the petitions are the same in both actions, and the prior action ended with summary judgment in the respondents' favor. Accordingly, the action is dismissed without prejudice, and Petitioner's motion to appoint counsel is denied as moot.

ENTER: This 9th day of January, 2015.

/s/ Jackson L. Kiser
Senior United States District Judge